12546

NICHOLSON INVESTMENT CO. v. GLYMPH

(145 S. E., 789)

Mr. John K. Hamblin, for appellant,

Messrs. Sawyer & Kennedy, for respondent,

December 18, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This action was begun on January ——, 1926, by the service of summons and complaint, and is based on an alleged lease contract, entered into by the respondent and the Western Union Telegraph Company, and after said Western Union Telegraph Company had been in the leased premises for some time, the same was turned over by said Western Union Telegraph Company to the defendant and was accepted and assumed by appellant.

No exceptions are taken to the Judge's charge, and there is only one question involved in this appeal, whether or not his Honor was in error in refusing the defendant's motion for a new trial.

At the opening of the trial, defendant's attorney asked that all jurors in the employment of certain corporations of which Mr. Emslie Nicholson, president of the plaintiff corporation, and wherein Mr. Nicholson was president, treasurer, or manager, be excused from sitting on the jury. The request was granted; the Clerk requesting any and all jurors who were in the employment of either of the corporations named, including Monarch Mills, to stand and re-

main until their names could be taken and omitted from the jury list. All who stood were so omitted.

The trial proceeded, and resulted in a verdict for the plaintiff in the sum of $450.00.

As the Court was completing the term's work, defendant presented the following affidavit of the defendant's attorney: "Personally appears before me, Ed. B. Smith, after being duly sworn, says that he has talked with W. C. Bates, one of the jurors in the case of Nicholson Investment Co. v. W. N. Glymph, since the trial of said case and that Mr. Bates admitted that he was living at Monarch Mill Village, worked in the mill until within the past year or two and that his family now works in the mill and that he and his family live in a small mill house." And upon same, moved for a new trial, and after presenting said motion on behalf of defendant his Honor refused same. Judgment was thereupon duly entered upon said verdict.

There is only one question involved in this appeal, whether or not his Honor was in error in refusing the defendant's motion for a new trial.

The exceptions are two in number and involve one question, whether his Honor was in error in not granting a new trial. The exceptions are overruled as being without merit.

The juror did not come within the class that were asked to stand up. He was a competent juror.

Judge Dennis heard the case, and in refusing a new trial did not erroneously exercise his discretion.

All exceptions are overruled, and judgment affirmed.

Messrs. Justices Cothran, Blease, Stabler, and Carter concur.